## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **QUENTIN C. LAMBERT** | : | |
| | : | |
| v. | : | **CIVIL NO. L-02-2798** |
| | : | |
| **FEDERAL CARTRIDGE COMPANY,** | : | |
| **et al.** | : | |

### MEMORANDUM

Now before the Court are Defendants' Motions to Dismiss. As the motions have been fully briefed, the Court will dispense with a hearing. See Local Rule 105.6 (D. Md. 2001). For the reasons stated below, the Court will, by separate Order, GRANT Defendants' Motions.

### I.    Background

Plaintiff Quentin Lambert was employed by the State of Maryland as a correctional sergeant assigned to the Baltimore Central Booking and Intake Center. The instant suit arises out of an October 15, 1998 attempt by the Plaintiff to perform his periodic firearm qualification. According to Mr. Lambert, when he attempted to discharge his weapon, a shotgun, the barrel of the gun exploded.

On October 12, 2001, Plaintiff filed suit in the Circuit Court for Baltimore City against Federal Cartridge Company, Blount International, Ltd., and Remington Arms Company, Inc. (collectively "Defendants"). The complaint alleges negligence and strict liability on the part of the Defendants who manufacture and sell the weapon and ammunition used by Mr. Lambert when his gun exploded.

On October 15, 2001, the initial writ of summons was issued. Pursuant to Maryland Rule 2-113, it went dormant after 60 days without being served. On December 19, 2001, a second

writ was issued. It also went dormant before being served. The third and final writ was issued

on May 24, 2002 and was served on Defendants Federal Cartridge and Remington Arms on July

23, 2002. Defendant Blount International has never received service. (See Federal Cartridge's

Statement Pursuant to Standing Order Concerning Removal ¶ 1; Response of Remington Arms

Company Inc. to Standing Order Concerning Removal ¶ 1.)

On August 22, 2002, the case was removed to federal court. Federal Cartridge and

Remington Arms have filed separate motions to dismiss.[1]

## II.    Motion to Dismiss Standard

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal

Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no

set of facts in support of its claim which entitle it to relief. See Conley v. Gibson, 355 U.S. 41,

45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading

requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating

such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in

the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

In essence, the legal theory articulated, or even suggested, by the non-moving party must be one

that could not be the basis for a ruling in that party's favor.

## III.    Analysis

Defendants' motions to dismiss argue that the complaint should be dismissed because (i)

the statute of limitations bars Plaintiff's claims; (ii) Plaintiff failed to serve process within 120

---

[1]As the grounds upon which Federal Cartridge and Remington Arms move for dismissal
apply equally to Blount International, the Court will decide the motions as if filed by all three
Defendants.

days; and (iii) Plaintiff failed to properly serve Defendant Federal Cartridge. As the Court is dismissing on untimeliness of service grounds, there is no need to address the Defendants' other arguments.

Maryland Rule 2-507(b) provides that "an action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant." When deciding whether to dismiss an action for failure to comply with Rule 2-507, the primary focus of the inquiry should be on the diligence of the plaintiff to effect service. Reed v. Cagan, 128 Md. App. 641, 646 (1999).

In the instant case, the plaintiff waited until three days before the expiration of the statute of limitations to file suit. He then let two consecutive summons go dormant without serving process. After waiting several months before requesting a reissuance of the summonses, he served process only a few days before that summons expired. There is no evidence that plaintiff was diligent in attempting to serve process. Moreover, he offers no reasonable explanation for the delay, but instead asserts that he purposefully delayed serving the summons to prepare for discovery.

Accordingly, the Court dismisses the instant suit for inadequate service of process.

**IV.    Conclusion**

For the reasons stated above, the Court will, by separate Order, GRANT Federal

Cartridge Company's Motion to Dismiss, GRANT Remington Arms Company, Inc.'s Motion to

Dismiss, and DISMISS Blount International, Ltd.  The CLERK is DIRECTED to CLOSE the

CASE.

Dated this $27^{7th}$ ___ day of November, 2002.

Benson Everett Legg
United States District Judge

4